**Fred PAINTER, Appellant,**

v.

**William D. LEEKE, Director, Department of Corrections, Appellee.**

No. 72–2090.

United States Court of Appeals, Fourth Circuit.

Argued June 6, 1973.

Decided Oct. 15, 1973.

Randy S. Gregory and George B. Hyler, Third Year Students (George K. Walker, Winston-Salem, N. C. [Court-appointed] on brief), for appellant.

Robert M. Ariail, Asst. Atty. Gen. of S. C. (Daniel R. McLeod, Atty. Gen. of S. C., and Emmet H. Clair, Asst. Atty. Gen., on brief), for appellee.

Before WINTER and WIDENER, Circuit Judges, and KAUFMAN, District Judge.

WIDENER, Circuit Judge:

In this appeal from the denial of a petition for writ of habeas corpus, the

question is whether or not the manner of conducting the trial deprived the defendant of procedural due process. We are of opinion that the defendant did not receive a fair trial and we reverse.

On October 1, 1968, prisoners at the South Carolina Central Correctional Institution rioted. Twelve prisoners, including Painter, were indicted for rioting in prison, possessing weapons which might be used to facilitate an escape, and assault and battery of a high and aggravated nature. The twelve prisoners were to be tried together on December 9, 1968. At the beginning of the trial, four of the twelve prisoners pleaded guilty; two others did so during the course of the trial; and Painter and five other prisoners maintained their pleas of not guilty. The trial lasted five days. Before the case went to the jury, the charges of assault and battery against the six prisoners who remained on trial were dismissed by the court. The jury returned a verdict against Painter and the five other prisoners on the rioting charges. It also found Painter and the others, except one, Downing, guilty of possession of weapons with which to facilitate an escape.

Painter and the five other inmates convicted by the jury appealed to the South Carolina Supreme Court, contending that various errors were committed by the trial court. The convictions were affirmed by a 3–2 decision, sub nom. State v. Greene, 255 S.C. 548, 180 S.E. 2d 179 (1971). Subsequently, Painter filed his petition for a writ of habeas corpus in the district court, which denied relief.

At the beginning of the criminal trial, the following colloquy took place between Painter's counsel and the trial judge.

"*Mr. Williams* (Painter's attorney): If your Honor please, before we draw the Jury, I would like to make some motions—

*The Court:* I'm going to let you make all the motions you want to and I'm going to mark them heard and then let you reduce them to writing and put them in the record. Note every kind of motion that they want to make and mark them heard and overruled.

*Mr. Williams:* But one motion may—

*Solicitor Ford* (State prosecutor): I'll take care of that one. I ask to have the Jury put on their voir dire. If your Honor please, we are ready."

In Painter's appeal to the South Carolina Supreme Court, the State conceded that the motions which Painter claimed to have been erroneously denied by the trial court would have been presented at the appropriate stages of trial and in the appropriate manner had the trial court not refused to allow his defense counsel to make them to the court. State v. Greene, supra, 180 S.E.2d at 182–183. There is no contention that the motions were frivolous. The motions which would have been presented to the trial court had it not refused to allow defense counsel to be heard were:

"(a) Motion for continuance on behalf of defendants;

(b) Motion for a severance of defendants;

(c) Motion to quash the Indictment because of the unconstitutional vagueness of the statute upon which it was based;

(d) Motion that guilty pleaders be sentenced before continuance of trial;

(e) Motion that guilty pleaders be excused from the courthouse; and

(f) Motion for an arrest of judgment or, in the alternative, for a new trial." State v. Greene, supra, 180 S.E.2d at 182–183.

Painter contends here that the State trial court committed various errors during the course of his trial which amount to a deprivation of procedural due process. One of these alleged errors is that he was denied a fair trial because the trial judge refused to allow his counsel to make any motions to the court, either before or during the trial. The judge told Painter's counsel to put

his motions in the record and then instructed the court reporter to mark them heard and overruled. Consistent with this ruling, the judge not only heard no argument on the motions, he did not even allow them to be stated, and passed upon them in advance without knowing what they were.

In Estes v. Texas, 381 U.S. 532, 542, 85 S.Ct. 1628, 1632, 14 L.Ed.2d 543 (1965), the Supreme Court addressed itself to the issue of a fair trial. There the court said:

"It is true that in most cases involving claims of due process deprivations we require a showing of identifiable prejudice to the accused. Nevertheless, at times a procedure employed by the State involves such a probability that prejudice will result that it is deemed inherently lacking due process. Such a case was In re Murchison, 349 U.S. 133, [75 S.Ct. 623, 99 L.Ed. 942] (1955), where Mr. Justice Black for the Court pointed up with his usual clarity and force:

'A fair trial in a fair tribunal is a basic requirement of due process. Fairness of course requires an absence of actual bias in the trial of cases. But our system of law has always endeavored to prevent even the *probability* of unfairness. . . . [T]o perform its high function in the best way "justice must satisfy the appearance of justice". Offutt v. United States, 348 U.S. 11, 13, [75 S.Ct. 11, [99 L.Ed. 11]].' At 136 [75 S.Ct. at 625] (Emphasis supplied.) [by the Supreme Court]

"And, as Chief Justice Taft said in Tumey v. State of Ohio, 273 U.S. 510, [47 S.Ct. 437, 71 L.Ed. 749], almost 30 years before:

'The requirement of due process of law in judicial procedure is not satisfied by the argument that men of the highest honor and the greatest self-sacrifice could carry it on without danger of injustice. Every procedure which would offer a *possible* temptation to the average man . . . to forget the burden of proof required to convict the defendant, or which might lead him not to hold the balance nice, clear, and true between the state and the accused denies the latter due process of law'. At 532 [47 S.Ct. at 444]. (Emphasis supplied.)" [by the Supreme Court] 381 U.S. at 542–543, 85 S.Ct. at 1632–1633.

In Morrissey v. Brewer, 408 U.S. 471, 489, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972), the Supreme Court held that a parolee was entitled to a hearing, however informal, before an impartial hearing officer before his parole could be revoked. In discussing the procedure to be followed at such a revocation hearing, the court said that certain minimum requirements of due process had to be met. One such requirement, said the court, was the parolee's opportunity to be heard.

In Specht v. Patterson, 386 U.S. 605, 87 S.Ct. 1209, 18 L.Ed.2d 326 (1967), the court held that the Colorado Sex Offenders Act was deficient in due process when measured by the requirements of the Fourteenth Amendment. In discussing what would be required to meet the due process standard, the court said:

"Due process, in other words, requires that he [the defendant] be present with counsel, have an opportunity to be heard, be confronted with witnesses against him, have the right to cross-examine, and to offer evidence of his own. And there must be findings adequate to make meaningful any appeal that is allowed." 386 U.S. at 610, 87 S.Ct. at 1212.

In Lane v. Warden, Maryland Penitentiary, 320 F.2d 179 (4th Cir. 1963), we said that constitutional due process required a fair hearing in a fair tribunal. In holding that informing the jury of prior convictions at the outset of a trial was a deprivation of due process, we held that such denial, depriving the defendant of a fair trial, would render a conviction void and that appropriate relief was within the reach of habeas corpus.

■ The cases cited amply demonstrate that a person threatened with a deprivation of his liberty, by virtue of a criminal trial, is entitled to an orderly procedure which affords him a fair trial. Due process demands no less. An essential element of a fair trial is a fair hearing where the accused has an opportunity to be heard, and the failure to give the accused such hearing will invalidate the result.

■ In the present case, the trial judge, at the beginning of the trial, refused to allow Painter's counsel to make any motions to the court. Instead, he instructed that all such motions should be put in the record and marked heard and overruled. In the dissenting opinion in State v. Greene, supra, Mr. Justice Bussey commented on such procedure. He said:

> "Appellants were entitled to have the motions for continuance and severance fully heard by the trial judge and thereafter entitled to a timely disposition of the same in his sound judicial discretion. This they have not received, according to the record. The merits of these motions have been argued before us, but we should refrain from passing upon the merits. We cannot speculate as to what conclusions His Honor might have reached had he timely and fully heard the motions, let alone determine whether or not the conclusions which he might have reached would have constituted an abuse of discretion. The appellants simply did not receive a judicial consideration of the motions to which they were entitled. The right to have these motions heard was a substantial right, and, under the facts of this case, its denial was reversible error." 180 S.E.2d at 189.

> \*　\*　\*　\*　\*　\*

> "Being convinced that the appellants did not receive a fair trial, I would reverse the judgment below, and remand for a new trial as to all defendants." 180 S.E.2d at 190.

We are in agreement with the result reached by Mr. Justice Bussey. We are of opinion that Painter was denied his opportunity to be heard when the trial judge refused to allow his counsel to make any timely, non-frivolous motions of arguable merit.

Since we think a new trial is required, we do not reach the other questions raised on appeal, and hold only that, in a criminal trial, a fair trial requires that the accused be given an opportunity to make appropriate nonfrivolous motions, at appropriate times under State procedural rules, and that the trial court may not deny the accused this right without depriving him of due process of law. U.S.Const. Amendments V, XIV. Cf. United States v. Williams, 447 F.2d 894, 902 (5th Cir. 1971).

Accordingly, we must reverse the judgment of the district court and remand the case with instructions that the writ of habeas corpus issue, subject to the State's right to re-try Painter within a reasonable time.

Reversed and remanded.